## PANICE v. UNITED STATES.
### No. 6894.

Circuit Court of Appeals, Seventh Circuit.
Dec. 21, 1939.

Stephen A. Cross, of Chicago, Ill., for appellant.

Julius C. Martin, Director Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., Keith L. Seegmiller, Atty., Department of Justice, of Washington, D. C., Arthur Roe, U. S. Atty., of Danville, Ill., Carl W. Feickert, Asst. U. S. Atty., of East St. Louis, Ill., William M. Lytle, Atty., Department of Justice, of Chicago, Ill., and Young M. Smith, of Washington, D. C., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

The single issue presented by this appeal from a judgment in favor of the defendant in a suit on a war risk insurance policy is whether or not the District Court erred in entering the judgment on a finding by it

that appellant was not totally and permanently disabled at any time prior to the commencement of the suit. The issues were tried to the court upon a waiver of jury. No errors were assigned as to the admission or exclusion of evidence, but we are asked to examine the evidence and find that it can lead to only one conclusion, namely, one in favor of the plaintiff.

Appellant alleged that he was permanently and totally disabled by chronic pulmonary tuberculosis, active, and had been so disabled prior to April 9, 1919, when the policy lapsed, or December 9, 1924, the last date as of which he contended it was revived by operation of section 305 of the World War Veterans' Act, 38 U.S.C.A. § 516. To sustain the allegations, appellant introduced a series of reports of physical examinations by various medical examiners in the United States Public Health Service or in the Veterans' Administration covering a period from January 1921, to September 1938, during which period he was very frequently hospitalized for examination or treatment. He also called as a witness a physician in private practice who examined him in December 1936, and again in 1938. This evidence introduced by appellant to prove the extent and duration of his disability was indeed substantial and impressive. Standing alone it might well justify a finding that he was totally and permanently disabled, although that would still leave open the question whether such disability antedated the original lapse of the policy in 1919 or its lapse after the alleged revival and continuance to 1924 by operation of section 305.

However, appellant's evidence was by no means uncontradicted. In rebuttal, the Government introduced equally substantial and impressive evidence to controvert the allegations. This evidence consisted of statements of appellant himself as to the soundness of his health, contained in three applications for insurance; the reports of three examining physicians in response thereto, and their testimony on the stand, as well as the testimony of four physicians in the employ of the Veterans' Administration.

With this state of the record, with the evidence in such conflict, we certainly cannot agree with appellant's contention that it was susceptible only of a conclusion in favor of himself. On the contrary, we find that not only did appellant not sustain the burden of proving that he became totally and permanently disabled during the life of the policy, but that appellee's evidence that he did not become so disabled is quite convincing. We are therefore of the opinion that there was no error in the finding of the District Court that appellant was not totally and permanently disabled at any time prior to the commencement of his suit.

Judgment affirmed.